Nash, C. J.
 

 Vigilantibus non dormientibics serval lex,
 
 is an old and valuable maxim of the law. For almost any supposable grievance or wrong, the law has provided a remedy. But this remedy must be availed of in proper time, and in an apt manner. Men must take care of themselves. If they will not, they must take the consequences. The defendant was a member of a mercantile firm doing business in Fayetteville. He lived in the County of Bladen, and says in his peti-' tion that he was a sleeping partner. Truly he was a sleeping partner!
 

 The firm became embarrassed, and the defendant being sued in several cases as a member of the firm, instructed an attorney of the Court to which the writs Avere returnable, “ to en
 
 *35
 
 ter dilatory pleas in the cases where he, Council, was concerned.” The plaintiffs were merchants of New York, and creditors of the firm of Council, Cain and Co., and brought their action on a note to which the name of the present defendant purports to have been signed by Council Cain & Co. When, therefore, the writ was returned, the attorney, obeying strictly his instruction, entered dilatory pleas alone. March Term of Cumberland County Court was the return Term of the writ, and judgment upon the note Avas rendered at June Term following. The defendant denies that he ever signed the note, (that is evident from the face of the note)—and that
 
 he
 
 ever authorised any person to sign it for him; and that he was told by the other members of the firm that they never signed his name to it, and knew nothing of the note—in other words, that the note was a forgery out and out. Whether he authorised the firm to sign his name is not material. If the note was given for a firm debt, the firm had a right to bind him for its payment, by an instrument not under seal. But this is beside the mark. The defense now set up by the defendant was open to him at the return of the writ. Tie did not avail himself of it by a proper plea entered at the proper time. This case is much stronger against the defendant, the petitioner, than that of
 
 Baker
 
 v. Halstead, Bus. Rep. 41. There, the petitioner had entrusted one Lake, one of the defendants, who was also on the paper, to enter his pleas for him. This he failed to do, and judgment was rendered against him. The
 
 recordand
 
 was dismissed, upon the ground that the petitioner was guilty of
 
 laches
 
 in not attending to his own business. There, he gave directions to an agent to have a full defense made. Here, the agent received instructions to enter only dilatory pleas. There, the agent proved faithless. Here, he obeyed the instruction received.
 

 In the argument, it was insisted that the defendant did not know where to go to get information as to the nature, of the instrument upon Avhich he was sued, as the plaintiffs lived in NeAV York, and he in Bladen county, some distance from Fayetteville. If the plaintiffs did live in New York, he must
 
 *36
 
 have known that the note was in this State; and by an application to his own counsel, he could easily have found out who was the attorney of the plaintiffs. The writ informed him he was sued alone. It was returnable to March Term when the pleas were entered, and judgment was entered at June Term. Here was a period of three months, during which he makes not the slightest effort to ascertain the nature of the claim against him. The petitioner admits his knowledge of his legal responsibility for the firm debts, but does not state whether the note in question was, or was not, given for such a debt; or whether, if it was not, the goods purchased ever came into the firm. Indeed he puts his whole claim to the relief he seeks, upon the ground that the note is a forgery, out and out. Be this as it may, he had the right to bring that question before the proper Court. Tie failed to do so, and must abide the consequences of his own negligence. In this case the defendant was entitled to an appeal to the Superior Court. He was absent from Court when the cause was tried, from no inability to attend/, and made no application for an appeal. Where the law provides a particular mode, by which a cause may be removed from an inferior, to a higher tribunal, that mode must be pursued. Where the proceedings of the Court are according to the course of the common law, if the party has been denied this privilege by the Court, or he has been deprived of it by fraud or accident, or is unable at the time to comply with the requirements of the law, he may procure a
 
 certiora/ri.
 
 The petitioner has not placed himself on any of these grounds,
 
 Brigman
 
 v. Jervis, 8 Ire. Rep. 45I,
 
 Satchwell
 
 v.
 
 Rispess,
 
 10 Ire. Rep. 365.
 

 In the Superior Court, the petition for the
 
 certiorari,
 
 on motion, was dismissed, and
 
 & procedendo
 
 to the County Court of Cumberland ordered. In this judgment there was no error and it is affirmed.
 

 Per Curiam.
 

 Judgment affirmed.